ANNA P. GREENE, Respondent, *v.* EAST SIDE OMNIBUS CORPORATION, Appellant, et al., Defendants.

*Per Curiam.* Section 279 of the Debtor and Creditor Law deals only with a case where the conveyance is fraudulent.

There is not an allegation or even a suggestion in the complaint to sustain the claim that this action was brought or that the complaint was framed under the Debtor and Creditor Law. None of the facts required by that statute to be stated in a complaint in an action brought under it, is set forth in the complaint in this case.

There is no allegation that appellant is insolvent or unable to pay its debts or that it will be rendered insolvent by the sale to the city, or that the property was not sold for a fair or adequate consideration, or that the conveyance is fraudulent as to present or future creditors, or that it will leave appellant with insufficient assets to pay its creditors, or that the conveyance was made with intent to defraud.

Nor does the complaint ask to have the conveyance set aside on any such grounds or on any other ground. The prayer for final judgment distinctly shows that this action was not brought under the Debtor and Creditor Law.

Aside from the conjectural and speculative statements in the complaint, unsupported by any facts, that the respondent " may " not be able to collect and that the appellant may distribute or dissipate its assets, not a single fact is alleged which gives rise to any cause of action.

Appellant is a self-insurer for the first $10,000 of liability on tort claims. It has also demonstrated that there is in full force and effect adequate excess liability insurance. Even if it were the fact that the appellant carried no independent liability insurance, that would furnish no basis for a cause of action, since there is no allegation that because of that fact appellant is insolvent or is or will be unable to meet its debts and obligations.

What was said by this court in *Platt* v. *Elias* (101 App. Div. 518) is applicable here. At page 523 INGRAHAM, J., wrote: " As I view it, the plaintiff is no more entitled to an injunction in this action than in any case in which a cause of action is alleged against a defendant and the plaintiff then asks to sequestrate all of the defendant's property so that it may be held to apply to any judgment which he may obtain against the defendant."

The complaint is insufficient. Therefore the granting of the temporary injunctive relief was improper. The order should be reversed and the motion denied, with costs.

The order denying the motion for reargument should be modified by eliminating the provision for costs and as so modified, affirmed without costs.

Peck, P. J., Glennon, Cohn, Van Voorhis and Shientag, JJ., concur.

Order entered on or about November 19, 1948, unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. Order

entered November 20, 1948, unanimously modified by eliminating the provision for costs and, as so modified, affirmed, without costs.